IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 01-cv-02299-PSF-BNB

F. DAVID SLUSHER,

Plaintiff,

v.

JOHN W. SUTHERS,
JOSEPH T. McGARRY,
DONALD R. LAWSON,
FRANK E. RUYBALID,
EDD C. GILLESPIE,
JUDY JO BULLARD,
TEDDY LAMAR LAURENCE,
PHYLLIS P. GRISWOULD,
MR. DELAYNE TORNOWSKI,
JIM DAY,
TAMI WILLIAMS,
RICHARD E. HOWARD,
TREVOR WILLIAMS,
Al ESTEP,
SHANE JOHNSON,
TOM O'BRIEN, and
JOHN REILLY,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion to Reconsider Order of 10-17-05** (the "Motion"), filed October 31, 2005. The district judge construed the Motion, in part, as a request for leave to take depositions. *Order issued November 2, 2005*. That portion of the Motion has been referred to me for ruling. Id. For the following reasons, the Motion is DENIED.

On May 25, 2005, and on September 23, 2005, I entered orders denying two of the plaintiff's motions for appointment of counsel. The plaintiff filed objections to the orders. On October 17, 2005, the district judge overruled the plaintiff's objections and affirmed the orders denying appointment of counsel. On October 31, 2005, the plaintiff filed a motion requesting that the district judge reconsider the October 17, 2004, order. The plaintiff based his motion to reconsider on his assertion that he has been repeatedly denied the opportunity to depose the defendants by both the court and by defendants' counsel. The district judge denied the plaintiff's request to reconsider and construed the remainder of the motion as a request to conduct depositions. The request to conduct depositions is referred to me for ruling.

The Scheduling Order in this case set the discovery deadline for September 30, 2005. *Order issued May 4, 2005*.[1] The plaintiff's request to conduct additional discovery comes one month after this deadline. A Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b).[2] A party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite his diligence. See 6A Charles A. Wright et al., Federal Practice and Procedure § 1522.1 at p. 231. "If that party was not diligent, the inquiry should end." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

---

[1] The initial Scheduling Order in this case was entered January 5, 2004. On December 13, 2004, the plaintiff was permitted to amend his Complaint to add claims and defendants. As a result of the amendment, on May 4, 2005, new discovery deadlines were set.

[2] *Pro se* status does not excuse a litigant from the obligation to comply with the Federal Rules of Civil Procedure. Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

In support of his request to re-open discovery, the plaintiff states the following:

> At every conference since June, 2004, Plaintiff has VERBALLY protested defendants' refusal to cooperate in being deposed. And at every conference, defendants' counsel has stated that he will NOT ever cooperate unless the Court orders them to do so. When Plaintiff has pressed this matter with the Court (at every conference, at every opportunity!), the Magistrate Judge has told Plaintiff that because he is not an attorney, and because he cannot afford to secure the services of an official court recorder, that the Court will not order the defendants to cooperate! Therefore, Plaintiff did not go through the useless motions of serving additional notices on defendants' counsel again.
>
> Plaintiff has explained to the Court, at the conferences, that a court recorder is not necessary under the rules. Plaintiff has previously (in 1996) deposed other defendants, using any other party as a neutral party, with a cassette tape recorder. It is permitted under the rules. But the Magistrate will not order it! He says I must have an attorney. So, Plaintiff has concentrated his resources on finding an attorney; and has continued to request the Court's assistance in helping him to secure such.

The plaintiff's assertions are not supported by the record. On May 4, 2005, after the plaintiff amended his Complaint, the parties appeared for a status conference. When asked if he needed further discovery, the plaintiff responded that he needed to depose defendants Griswould, Bullard, Laurence, Suthers, McGarry, Johnson, and Estep. Counsel for the defendants raised the issue of qualified immunity as a possible bar to discovery. The discovery and dispositive motions deadlines were set, and the parties were told that the Court would not address whether qualified immunity barred discovery until the issue was raised by the defendants in a dispositive motion. Contrary to the plaintiff's assertions, his request to conduct depositions was not denied.

The plaintiff admits that he did not subsequently attempt to notify the defendants that he intended to take their depositions (as required by Rule 30(b) of the Federal Rules of Civil

Procedure).  The plaintiff did not file a motion to compel the depositions, or otherwise to assist him in obtaining the information he sought to obtain through the depositions.  To the contrary, the plaintiff presented the issue of depositions only collaterally in connection with his requests for appointed counsel.[3]  The plaintiff has failed to show that he exercised diligence in attempting to obtain the depositions during the five months prior to the discovery deadline.  Therefore, I find no good cause to modify the Scheduling Order.  Accordingly,

    IT IS ORDERED that the Motion is DENIED.

    Dated November 9, 2005.

                                    BY THE COURT:

                                    /s/ Boyd N. Boland
                                    United States Magistrate Judge

---

[3]Indeed, had he moved to compel the depositions, I would have inquired as to whether he expected the Court to pay for the depositions.  If the plaintiff was expecting the Court to cover the costs of the requested depositions, I would have considered the plaintiff's request only if I was satisfied that the request was reasonable.  See Burgess v. Andrews, 657 F. Supp. 1153, 1157 (W.D. N.C. 1987).  In order to establish reasonableness, the plaintiff would have been required to detail the nature of the testimony sought and the relevance of the testimony to his case.  In addition, the plaintiff would have to demonstrate that he was unable to obtain relevant and necessary information through written discovery.