IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 01-cv-02299-PSF-BNB

F. DAVID SLUSHER,

Plaintiff,

v.

JOHN W. SUTHERS,
JOSEPH T. McGARRY,
DONALD R. LAWSON,
FRANK E. RUYBALID,
EDD C. GILLESPIE,
JUDY JO BULLARD,
TEDDY LAMAR LAURENCE,
PHYLLIS P. GRISWOULD,
MR. DELAYNE TORNOWSKI,
JIM DAY,
TAMI WILLIAMS,
RICHARD E. HOWARD,
TREVOR WILLIAMS,
Al ESTEP,
SHANE JOHNSON,
TOM O'BRIEN, and
JOHN REILLY,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion for Relief Pursuant to Rule 37** (the "Motion"), filed March 15, 2006. For the following reasons, the Motion is DENIED.

On January 3, 2006, the plaintiff was granted leave to propound ten written questions to Dr. Anita Bloor in accordance with the procedures set forth in Rule 31(a) of the Federal Rules of Civil Procedure. *Order on Plaintiff's Objection to Order of Magistrate Judge Entered November*

*9, 2005*, issued January 3, 2006. Dr. Bloor served her responses to the questions on February 14, 2006. *Plaintiff's Supplemental Response to State Defendants' Motion for Summary Judgment* (the "Supplemental Response"), filed March 15, 2006, Exhibit 60. The plaintiff complains that Dr. Bloor did not fully and completely answer his questions. He seeks (1) an order compelling Dr. Bloor to fully answer the questions; (2) an order "compelling the defendants and/or their expert witness to cooperate in depositions upon oral examinations pursuant to Rule 30"; (3) expenses or sanctions; and (4) "such other relief that the Court may deem just and fair." *Motion*, p. 2.

I have reviewed the plaintiff's questions and Dr. Bloor's responses. The plaintiff's questions are compound, confusing, and are founded are unsubstantiated factual conclusions.[1] Dr. Bloor has answered the questions as fully and as completely as possible. Accordingly,

IT IS ORDERED that the Motion is DENIED.

---

[1]For example, Question 2 inquires:

> Who made the decision(s) to deny prescribed medication to Mr. Slusher in April 2000, and by what criteria was this decided; and what role, if any, did you play in making these decisions, and in the decisions to deny restoration of his medication following each and every grievance he filed with LCF medial regarding this denial?

*Supplemental Response*, Exhibit 60, Question 2.

Dr. Bloor's response states that, according to the April 2000 chart notes, no medications have been denied. Id. Despite Dr. Bloor's answer, the plaintiff complains that "[s]he does not answer the basic question as to who made the decision to deny the prescribed medication." *Motion*, p. 1, ¶ 3.

Dated March 28, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge