IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 01-cv-02299-PSF-BNB

F. DAVID SLUSHER

     Plaintiff,

v.

JOHN W. SUTHERS,
JOSEPH T. McGARRY,
DONALD R. LAWSON,
FRANK E. RUYBALID,
EDD C. GILLESPIE,
JUDY JO BULLARD,
TEDDY LAMAR LAURENCE,
PHYLLIS P. GRISWOULD,
MR. DELAYNE TORNOWSKI,
JIM DAY,
TAMI WILLIAMS,
RICHARD E. HOWARD, and
TREVOR WILLIAMS,

     Defendants.

## ORDER ON PLAINTIFF'S MOTION TO ALTER JUDGMENT

This matter comes before the Court on plaintiff's Motion to Alter Judgment (Dkt. # 292), filed October 12, 2006. The motion essentially requests the Court to reconsider its Order of September 29, 2006 to the extent that Order granted defendants' motion for summary judgment as to Claims I and III of his Amended Complaint on the grounds that plaintiff failed to show deliberate indifference to his asserted medical needs.

**CLAIM I**

In its Order of September 29, 2006, the Court found that plaintiff had met his obligation to exhaust his administrative remedies as to Claim I with respect to Defendants Griswould, Laurance, Bullard, Ruybalid and Suthers, but not with respect to the other defendants (Order at 11). Nonetheless, the Court found that plaintiff had failed to show that these defendants acted with reckless disregard of his asserted need for medical treatment in the form of obtaining sufficient quantities of ibuprofen, because he failed to show that these defendants "recklessly disregarded a substantial risk of harm to plaintiff" by demonstrating that they knew that ibuprofen or other medication could not be bought at the prison canteen (Order at 17).

In his current motion, plaintiff appears to argue that since these defendants knew of his administrative grievances regarding his purported inability to obtain ibuprofen, they knew of a substantial risk of harm to him (Motion at 4-7). The Court does not agree. The fact that plaintiff asserted in his administrative grievances he was not getting sufficient quantities of ibuprofen to alleviate his claimed pain does not show that the five defendants subjectively and recklessly disregarded a substantial risk of harm. As the Court has already stated in its Order:

> even if plaintiff were correct that he was not able to purchase quantities sufficient to alleviate his discomfort, he has not demonstrated that any of the defendants as to his Claim I and against whom he has exhausted his administrative remedies, recklessly disregarded a substantial risk of harm to plaintiff **if they believed that the ibuprofen, or other medication, could be procured** at the prison canteen.

2

(Order at 17) (emphasis added). Plaintiff has made no showing, either in his Response to the Motion for Summary judgment (Dkt. # 255) or in his present Motion to Alter Judgment, that the defendants did not hold such a belief and recklessly disregarded what he claims is the truth.

Plaintiff argues, citing to *Farmer v. Brennan*, 511 U.S. 825, 842-43, n.8 (1994), that a prison official cannot escape liability by merely refusing to verify underlying facts, or declining to confirm inferences of risk that they strongly suspected to exist (Motion at 5). What that entirety of the cited footnote states is the following:

> While the obviousness of a risk is not conclusive and a prison official may show that the obvious escaped him, see *infra*, at 1982, he would not escape liability if the evidence showed that he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist (as when a prison official is aware of a high probability of facts indicating that one prisoner has planned an attack on another but resists opportunities to obtain final confirmation; or when a prison official knows that some diseases are communicable and that a single needle is being used to administer flu shots to prisoners but refuses to listen to a subordinate who he strongly suspects will attempt to explain the associated risk of transmitting disease). When instructing juries in deliberate indifference cases with such issues of proof, courts should be careful to ensure that the requirement of subjective culpability is not lost. It is not enough merely to find that a reasonable person would have known, or that the defendant should have known, and juries should be instructed accordingly.

Plaintiff here has made no showing whatsoever that the five defendants here refused to verify underlying facts that they strongly suspected to be true, or declined to confirm inferences of risk that they strongly suspected to exist. Accordingly, plaintiff has failed

3

to demonstrate the subjective culpability of these defendants with respect to the deliberate indifference claimed in Claim I.

**CLAIM III**

Plaintiff further argues that the Court should not have entered summary judgment as to his Claim III, involving plaintiff's request for a more supportive mattress, contending first that Defendants Colorado Access and Colorado Department of Corrections should not have been dismissed from this case in February 2002 (Motion at 8-9). As those rulings were neither entered by this Court nor were they part of the Order entered on September 29, 2006, the pending Motion to Alter Judgment does not timely or properly contain a request to reconsider such rulings.

Plaintiff further argues that because he named Defendant Suthers in his official capacity as Executive Director of the Colorado Department of Corrections ("DOC") and sought injunctive relief, the Court should take a "broader view of this matter" and find that the DOC was reckless in its "general disregard for the medical needs of older inmates" even if no individual defendant is found "individually reckless." (Motion at 9). Plaintiff, however, cites no authority to support such a proposition.

The law is quite clear that the Eleventh Amendment bars a prisoner's § 1983 action against a state and its department of corrections for both monetary damages and injunctive relief. *See Franklin v. Kansas Dept. Of Corrections,* 2005 WL 3515716 at **2 (10th Cir., Dec. 23, 2005) and cases cited therein. Accordingly, a state agency such as the DOC has immunity from suits such as these, nor can it be liable vicariously for the misdeeds of its employees. A prisoner, however, may bring a § 1983 action against

state officials in their official capacities, but only for prospective, injunctive relief. *Will v. Michigan Dep't. Of State Police*, 491 U.S. 58, 71 n.10 (1989), citing *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985); see also *Abu-Fakher v. Bode*, 2006 WL 650671 at **2 (10th Cir., Mar. 16, 2006).

The treatment a prisoner receives in prison, along with the conditions under which the prisoner is confined, is governed by the Eighth Amendment, which prohibits cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment, however, does not govern "every governmental action affecting the interests or well-being of a prisoner." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Prison conditions are not unconstitutionally cruel and usual simply because the are merely "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison conditions can rise to the level of an Eighth Amendment violation when they involve the wanton and unnecessary infliction of pain. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). This is not such a case.

To establish "unnecessary and wanton infliction of pain," a plaintiff is required to show that officials acted with deliberate indifference to his medical needs. *Farmer, supra*, 511 U.S. at 834-35. As noted above, this requires a showing by plaintiff that defendants "recklessly disregarded a substantial risk of harm to plaintiff." *Id* at 836-37. Unless the prison official against whom injunctive relief is sought has been shown to have recklessly disregarded harm to plaintiff, such relief is not available. Here, the plaintiff alleges and the defendants have shown that they did not disregard plaintiff's

5

request for a more supportive mattress, but instead referred those requests to Colorado Access (Amended Complaint at page 6, ¶ 17).  Thus, there can be no basis for injunctive relief against Defendant Suthers in his official capacity.

**CONCLUSION**

For the reasons set forth above, plaintiff's Motion to Alter Judgment (Dkt. # 292) is DENIED.

DATED:  January 22, 2007.

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge